UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| ROBERT G. HULSE #352264 ) | |
| ) | |
| v. ) | NO. 2:04-CV-270 |
| ) | |
| WASHINGTON COUNTY DETENTION ) | |
| CENTER ) | |

**MEMORANDUM and ORDER**

Robert G. Hulse, a prisoner in the Washington County Detention Center (WCDC), brings this *pro se* civil rights action for injunctive relief under 42 U.S.C. § 1983, alleging that conditions in the WCDC violate his constitutional rights. The plaintiff is **ASSESSED** the civil filing fee of $150.00 under 28 U.S.C. § 1915.[1] Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account;

or

---

[1] The filing fee was increased to $250 on February 7, 2005. The plaintiff is being assessed the old filing fee since he filed this case before the increase.

      (b)    twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $150.00 has been paid to the Clerk's Office.[2] *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate trust accounts at the facility where the plaintiff is confined, to ensure compliance with the above fee-assessment procedures.

The "Statement of Claims" section in ¶ IV of the plaintiff's complaint is blank—his claims are alleged in the "Relief" section in ¶ V, as follows:

> "Order me shipped to state prison where I can my medical problems and get a job and right medecine (sic) for acid reflux and arthritis pain. Some of the guards allow some of the other prisoners to harass me while I am sick and then put me in lock down 4-5 times then dismiss it after I stay Max time in lock down. All but this last one. Takeing (sic) my behavor (sic) days and I've not done anything. I'm 64 yrs. old but I don't have to put up with this kind of stuff every day from mor[ning] till nite (sic)." Compl. at 4.

---

[2] Send the payments to:    Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

Under 42 U.S.C. § 1997e(a), a prisoner may not bring a § 1983 civil rights action in federal court until such time as he shall have exhausted his available administrative remedies. *Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Satisfaction of this requirement entails filing a grievance concerning every single claim stated in the complaint. *Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005). Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A district court must enforce the exhaustion requirement *sua sponte*. *Brown*, 139 F.3d at 1104.

The plaintiff asserts in paragraph II of his complaint that the WCDC has a prisoner grievance procedure, but that he did not present the facts relating to his claims through the grievance system because "they won't give me a greivience (sic) form."

The plaintiff, however, does not identify the persons who denied his request to file a grievance, nor allege the date of his request, nor any of the circumstances surrounding the request. Nor does he contend that he made an attempt to file a grievance without a form. *See Jones v. Smith*, 266 F.3d 399, 400 (6th Cir. 2001). General allegations that he was denied a grievance are insufficient

3

to satisfy the statutory requirements in § 1997e.  *See Fitts v. Faghihnia*, 21 Fed.Appx. 243, 245, 2001 WL 1298837, *2 (6th Cir. Aug. 7, 2001).

Accordingly, a separate order will enter, **DISMISSING** this action without prejudice, for failure to exhaust administrative remedies.

ENTER:

    s/Thomas Gray Hull
THOMAS GRAY HULL
  SENIOR U. S. DISTRICT JUDGE